Monica Jenicek
Law Offices
STONE & JENICEK
880 H Street, Suite 203
Anchorage, AK 99501
(907) 277-8567; 274-9788 (fax)
losj@alaska.net

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -1  PM 1:30

PD

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEANNE LYTHGOE, | ) |
| Plaintiff, | ) |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant and Third-Party Plaintiff, | ) |
| vs. | ) |
| STATE OF ALASKA DEPARTMENT OF TRANSPORTATION and RENT-A-CAN TOILET COMPANY, INC. | ) |
| Third-Party Defendants | ) |
| | ) Case No. A04-0040 CV (JKS) |

**REPLY TO STATE'S OPPOSITION TO RENT-A-CAN TOILET COMPANY, INC.'S MOTION FOR DISMISSAL OF THIRD PARTY COMPLAINT OR FOR SUMMARY JUDGMENT**

The U.S. Government dismissed its third party complaint against Rent-a-Can. The only claim in the Government's third party complaint against Rent-a-Can was one for apportionment of fault. The State argues that it is still entitled to argue that fault should be apportioned to Rent-a-Can. But in order

Law Offices
STONE & JENICEK
A Professional Corporation
880 H STREET, SUITE 203
Anchorage, Alaska 99501-3450
(907) 277-8567

29

for the State to apportion fault to Rent-a-Can, the State must be liable. It is up to the Government to establish the State's liability. If the State is not liable, Rent-a-Can cannot be liable to the State for an apportionment of fault. The State insists it is not liable. If so, it should agree to Rent-a-Can's dismissal with prejudice.

If the State is liable to the Government, it is because it either failed to maintain the parking lot where Ms. Lythgoe fell or it affirmatively created a hazard in the lot by running its snowplows into the bollard posts and shearing them. Either way, the State, not Rent-a-Can had a duty to the traveling public to make the bollards safe. It did not do so. The State cannot obtain apportionment of fault to Rent-a-Can for a problem the State either created or failed to fix.

Rent-a-Can's duty is defined by its contract with the Government. *DSW v. Fairbanks North Star Borough School District*, 628 P.2d 554, 555 (Alaska 1981) which addresses common law duties based on public policy in the absence of contract or statute, is inapplicable. *Kooly v. State*, 958 P.2d 1106 (Alaska 1998).

Rent-a-Can's duty was to furnish and maintain portable toilets. Rent-a-Can put the toilets where the Government told it to put them, behind the still-intact bollard posts. Someone later came along and sheared the posts. Neither the Government

Law Offices
STONE & JENICEK
A Professional Corporation
880 H STREET, SUITE 203
Anchorage, Alaska 99501-3450
(907) 277-8567

LYTHGOE v. USA v. STATE OF ALASKA
AND RENT-A-CAN
A04-0040 CV (JKS)
REPLY TO STATE'S OPPOSITION TO
MOTION TO DISMISS OR FOR SUMMARY
JUDGMENT

2

nor the State, that is, neither the landowner nor the property maintainer, dealt with the problem. The Government realized this is not Rent-a-Can's problem. It dismissed Rent-a-Can.

The State should do the same, because Rent-a-Can did not owe the State — or Ms. Lythgoe - a duty to manage an "off-site" risk.

Rent-a-Can's duty extended to the condition of the physical structures. Rent-a-Can, like Air-Tek in *Breitenfeld v. Air-Tek*, 755 P.2d 1099 (Alaska 1988) did not contract with the Government to maintain the ground on which the toilets were placed. For example, if the toilet tipped over with Ms. Lythgoe sitting in it, because the toilet was not level, this would be Rent-a-Can's problem. If Ms. Lythgoe was injured because the height of the toilet in relation to the ground contributed to her fall, this would be Rent-a-Can's problem.

Ms. Lythgoe wasn't injured because of her use of the toilet. She was injured by a non-toilet risk, the bollard post which was not cut level with the ground. The State claims Rent-a-Can should have moved the toilet after the State failed to fix the sheared post. But like the sanding contractor in Rent-a-Can's original analogy, Rent-a-Can had no duty to correct a problem which was the State's to solve.

In this way, Rent-a-Can's status is comparable to that of Alaska Housing Finance Corporation in the recently decided

*LYTHGOE v. USA v. STATE OF ALASKA AND RENT-A-CAN*
*A04-0040 CV (JKS)*
REPLY TO STATE'S OPPOSITION TO MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

3

Law Offices
STONE & JENICEK
A Professional Corporation
880 H STREET, SUITE 203
Anchorage, Alaska 99501-3450
(907) 277-8567

Alaska Supreme Court opinion, *Guerrero v. Alaska Housing Finance Corp. et. al.,* Op. No. 5954 (Alaska, November 4, 2005). In *Guererro*, the court, citing *Arctic Tug v. Raleigh, Schwarz and Powell*, 956 P.2d 1199 (Alaska 1998), said that summary judgment was appropriate where the only reasonable inference from the undisputed facts is that one party owed another no duty whatsoever, or owed a duty clearly and vastly narrower in scope than the one that the other party asserts in opposing summary judgment.

*Guerrero* addressed the liability of AHFC, the property owner, for an off-site risk. In that regard, the duty of Rent-a-Can as a vendor, not a landowner, is even more attenuated than was AHFC'S in *Guerrero*. But in *Guerrero*, the court specifically noted that Mr. Guerrero cited no cases holding that a landlord's duty to protect tenants from off-premises injury could be triggered by mere awareness of obvious danger and foreseeable harm. To the contrary, the court said, the case law illustrated that "something more has invariably been required to hold landlords liable for offsite harm." *Guerrero* at 12.

Rent-a-Can is a vendor with a narrowly defined scope of work. It had no duty to Ms. Lythgoe or anyone else to move toilets which were not intrinsically a hazard and which only became so – if at all – because the State didn't fix the posts

Law Offices
STONE & JENICEK
A Professional Corporation
880 H STREET, SUITE 203
Anchorage, Alaska 99501-3450
(907) 277-8567

LYTHGOE v. USA v. STATE OF ALASKA
AND RENT-A-CAN
A04-0040 CV (JKS)
REPLY TO STATE'S OPPOSITION TO
MOTION TO DISMISS OR FOR SUMMARY
JUDGMENT

4

behind which the toilets sat. On this there is no genuine issue of material fact.

The State ignores Rent-a-Can's jurisdictional arguments, including the fact that the State has failed to follow the court's procedure for asserting a cross claim against Rent-a-Can. Plaintiff has not opposed this motion nor sought to establish her entitlement to an independent allocation of fault to Rent-a-Can.

## **CONCLUSION**

In light of the Government's dismissal and the Plaintiff's failure to assert a claim for allocation of fault, Rent-a-Can should be dismissed from the litigation pursuant to Fed. R. Civ. P. 41, or summary judgment in its favor should be granted, because its contractual duty did not extend to fixing a problem the State created or they failed to address.

Rent-a-Can also renews its alternative request for an equitable shifting of liability for its attorney's fees to the State, if the court denies Rent-a-Can's motion and Rent-a-Can prevails at trial.

Law Offices
STONE & JENICEK
A Professional Corporation
880 H STREET, SUITE 203
Anchorage, Alaska 99501-3450
(907) 277-8567

LYTHGOE v. USA v. STATE OF ALASKA
AND RENT-A-CAN
A04-0040 CV (JKS)
REPLY TO STATE'S OPPOSITION TO
MOTION TO DISMISS OR FOR SUMMARY
JUDGMENT

5

DATED at Anchorage, Alaska this __1__ day of December, 2005.

                                        Law Offices
                                        STONE & JENICEK
                                        Counsel for Third-Party
                                        Defendant Rent-A-Can

                             By: _/s/ Monica Jenicek_____
                                 Monica Jenicek
                                 ABA No. 7705028

Law Offices
STONE & JENICEK
A Professional Corporation
880 H STREET, SUITE 203
Anchorage, Alaska 99501-3450
(907) 277-8567

LYTHGOE v. USA v. STATE OF ALASKA
AND RENT-A-CAN
A04-0040 CV (JKS)
REPLY TO STATE'S OPPOSITION TO
MOTION TO DISMISS OR FOR SUMMARY
JUDGMENT

6

This is to certify that a copy of the foregoing was mailed this ___1st___ day of December, 2005 to:

<u>Plaintiff's Attorney</u>
Law Offices of
Charles W. Ray, Jr., PC
711 H Street, Suite 310
Anchorage, AK 99501

<u>Defendant and Third-Party</u>
<u>Plaintiff's Attorney</u>
Daniel R. Cooper, Jr.
Assistant U.S. Attorney
222 W. Seventh Avenue #9, RM 253
Anchorage, AK 99513-7567

<u>Third-Party Defendant State of</u>
<u>Alaska Dept. Transportation's</u>
<u>Attorney</u>

Stephanie Galbraith
Assistant Attorney General
Attorney General's Office
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

_____
Penny L. Zaudrin

cc:   C. Fennimore, Claim No. MIS10251
      S. Johansen

Law Offices
STONE & JENICEK
A Professional Corporation
880 H STREET, SUITE 203
Anchorage, Alaska 99501-3450
(907) 277-8567

*LYTHGOE v. USA v. STATE OF ALASKA*
*AND RENT-A-CAN*
*A04-0040 CV (JKS)*
REPLY TO STATE'S OPPOSITION TO
MOTION TO DISMISS OR FOR SUMMARY
JUDGMENT

7