FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 PM 3: 37

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501

Attorney for State Defendant(s)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEANNE LYTHGOE,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant and Third<br>  Party Plaintiff,<br><br>v.<br><br>STATE OF ALASKA, DEPARTMENT<br>OF TRANSPORTATION and<br>RENT-A-CAN TOILET COMPANY, INC.<br><br>  Third Party Defendants. | Case No. A04-0040 CV (JKS)<br><br>**STATE OF ALASKA'S SURREPLY<br>TO RENT-A-CAN TOILET COMPANY'S<br>MOTION FOR DISMISSAL OF THIRD-<br>PARTY COMPLAINT OR FOR<br>SUMMARY JUDGMENT** |

In its reply to the State's opposition to its pending motions, Rent-A-Can cites for the first time *Guerrero v. Alaska Housing Finance Corp., et. al.*, Op. No. 5954 (Alaska, November 4, 2005). The State files this surreply to address Rent-A-Can's arguments relating to the *Guerrero* case.



In *Guerrero*, the Alaska Supreme Court outlines "useful factors" for the courts to consider in deciding if an "off-site duty" arises. Those factors are: (1) whether the hazard was immediately adjacent to the corporation's property; (2) whether the corporation had any right or ability to control or abate the off-site hazard; (3) whether that hazard was as open and obvious to the project's tenant as it was to the corporation; and (4) whether any activity or condition on the corporation's property contributed to the accident or enhanced the adjacent danger.[1] In *Guerrero*, the Alaska Supreme Court held that AHFC, the property owner and landlord, was not liable to its tenant from an off-site injury triggered by "mere awareness of obvious danger and foreseeable harm."[2]

But the case before this Court is distinguishable from *Guerrero* and analogous to a case discussed in *Guerrero, Barnes v. Black*.[3] In *Barnes*, a private sidewalk connected the children's play area of an apartment complex with the apartment buildings. A sidewalk adjoined a driveway that sloped downward to a busy street. While riding his "big wheel" tricycle along the sidewalk, a child lost control and rolled down the steep driveway into busy traffic on the street where he was hit by a car and killed.[4] The *Barnes* court imposed a

---

[1]   Slip Op. at p. 12.

[2]   *Id.* at p. 13.

[3]   *Id.* at p. 10 citing 71 Cal.App. 4th 1473 (Cal.App. 1999).

[4]   *Id.* at p.10 citing *Barnes*, 71 Cal. App. at 1476.

State's Surreply to Mtn to Dismiss
*Lythgoe v. United States v. SOA/DOT*
Case No. A04-0044 CV (JKS)
Page 2 of 4

duty distinguishing its particular case from a case similar to the *Guerrero* case. The court explained that "conditions on a landlord's property — the configuration of the private sidewalk and the driveway — had directly contributed to the accident by causing the child to be *ejected into the public street*.[5]

This case is similar to *Barnes* and even more compelling because Rent-A-Can's facilities are on public property, not off-site. Even if we consider the toilet facility "off-site" from the post itself, the facility by its very nature "ejects" toilet users into the post, as they step normally out of its door. Thus, the toilet facility directly contributes to any injuries that may be caused when a user such as Leanne Lythgoe steps out of the facility and immediately falls on a post.

In summary, in analyzing the *Guerrero* factors they overwhelming support imposing a duty of care on Rent-A-Can: (1) the alleged walking hazard was two steps away from Rent-A-Can's facility; (2) Rent-A-Can had the right or ability to abate the hazard insofar as it could easily modify the entrance to the Rent-A-Can to make it safe for ingress and egress, or to simply move or turn the portable facility; (3) Rent-A-Can's employees routinely maintained the toilets and thus were in a better position than plaintiff to observe any potential tripping hazard; and (4) Rent-A-Can placed the toilet on the property so that the door opened and ejected the user directly toward the alleged hazard contributing to the

---

[5] *Id.* at p. 11 citing *Barnes* at 1479 (emphasis added).

State's Surreply to Mtn to Dismiss
*Lythgoe v. United States v. SOA/DOT*
Case No. A04-0044 CV (JKS)
Page 3 of 4

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

accident and enhancing the nearby danger.

This Court should find that Rent-A-Can had both and on-site and off-site duty of care to its facility users to ensure safe ingress and egress to its toilet facilities.

DATED this 5 day of December, 2005 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: _____
Stephanie Galbraith Moore
Assistant Attorney General
Alaska Bar No. 8911063

CERTIFICATE OF SERVICE

This is to certify that on this date, a copy of the foregoing is being hand delivered to:

Daniel R. Cooper, Jr.
U.S. Attorney's Office
222 W. 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567

Law Offices of Charles W. Ray
711 H St., Ste. 310
Anchorage, AK 99501

Monica Jenicek
Stone & Jenicek
880 H Street, Suite 203
Anchorage, AK 99501

Heather R. Hebdon    12/5/05
Heather R. Hebdon    Date

State's Surreply to Mtn to Dismiss
*Lythgoe v. United States v. SOA/DOT*
Case No. A04-0044 CV (JKS)
Page 4 of 4